UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MARIA POLANCO VALLE (A-220-431-541),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-04910-CSK<br><br>ORDER |

Petitioner Ruth Maria Polanco Valle (A# 220-431-541), a native and citizen of Honduras who is proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In 2008, petitioner entered the United States without inspection. On January 27, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials. ICE initiated removal proceedings against petitioner based on her criminal conviction. This habeas action concerns petitioner's detention. For the reasons that follow, the Court grants the petition for writ of habeas corpus.

## I. FACTUAL BACKGROUND

In 2008, petitioner entered the U.S. without inspection. (ECF No. 1 at 4.) On July 10,

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 14.)

2205, petitioner pled guilty to aggravated kidnapping with a deadly weapon in violation of Texas Penal Code § 20.04(b). (Id.; ECF No. 8 at 4, 28.) Petitioner was sentenced to four years of probation for this offense. (Id.)

On January 27, 2025, ICE detained petitioner in Texas while she attended a probation appointment. (ECF No. 1 at 4.) On January 27, 2025, petitioner was issued a Notice to Appear charging petitioner with being subject to removal as an "alien present without admission or parole" under 8 U.S.C. § 1182(a)(6)(A)(i). (Id.) On February 21, 2025, an immigration judge ("IJ") granted petitioner's motion to terminate proceedings based on a pending U-visa application. (Id.) The Department of Homeland Security ("DHS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Id.) Respondents continued to detain petitioner while the DHS appeal remained pending. (Id.) Upon petitioner's motion for a custody redetermination, on July 30, 2026, an IJ denied the motion for lack of jurisdiction citing 8 U.S.C. § 1225 and finding that petitioner was subject to mandatory detention. (ECF No. 1 at 5; ECF No. 8 at 43.) The IJ alternatively found that if the immigration court had jurisdiction, he would deny bond because petitioner is a danger to the community. (Id.) Petitioner appealed the IJ's bond decision to the BIA. (ECF No. 1 at 5.) On November 4, 2025, the BIA reversed the IJ's decision to terminate removal proceedings and remanded to the immigration court. (Id.) The immigration court then rescheduled petitioner's hearings on at least two occasions. (Id.)

On January 1, 2026, ICE transferred petitioner to a different detention center in California. (Id.) The new immigration court did not schedule petitioner for a hearing until May 26, 2026. (Id.) After briefing was completed, according to the government's official Executive Office for Immigration Review Automated Case Information website, on July 24, 2026, an IJ ordered petitioner removed, and on August 24, 2026, the BIA received petitioner's appeal. See https://acis.eoir.justice.gov/en.[2] Petitioner's appeal to the BIA remains pending. With the

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The

exception of the below discussion regarding petitioner's appeal of the IJ's bond decision, respondents do not contest the relevant facts that petitioner presented. (See ECF No. 8 at 1.)

## II. PROCEDURAL BACKGROUND

On June 25, 2026, petitioner filed her petition for writ of habeas corpus. (ECF No. 1.) On June 26, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings. (ECF No. 3.) On July 6, 2026, respondents timely filed a motion to dismiss. (ECF No. 8.) On July 8, 2026, respondents filed a supplement to their motion to dismiss. (ECF No. 9.) Petitioner filed a reply. (ECF No. 10.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges her continued detention as violating the Fifth Amendment due process clause. (ECF No. 1 at 8-9.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because her aggravated kidnapping conviction is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2). (ECF No. 8 at 4.) Petitioner agreed with respondents' position that she is subject to mandatory detention under § 1226(c). (ECF No. 10 at 2.)

---

address of this official website is https://acis.eoir.justice.gov/en/.

**A. Due Process Claim**

In analyzing petitioner's challenge to her detention, the court "must first identify the statutory provision that purports to confer" authority for her detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Court agrees with the parties that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) based on her criminal conviction under Texas Penal Code § 20.04(b) for aggravated kidnapping with a deadly weapon. Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German

Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 693).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in her freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was

detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained over nineteen months since January 2025, including as a result of multiple government delays in her immigration proceedings, and faces prolonged detention during her appeal to the BIA and further potential judicial review. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[3] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty

---

[3] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and prolonged where her appeal to the BIA is pending and was received on August 24, 2026, she does not yet have a final executable removal order, and further judicial review is available after the BIA appeal. See https://acis.eoir.justice.gov/en. In addition, the record before the Court indicate that there have been delays caused by the government. DHS appealed the IJ's termination of proceedings, and the BIA did not rule on that appeal for over eight months while petitioner was still detained. Additionally, after remanding proceedings back to the immigration court, ICE transferred petitioner to a new detention location and did not schedule her for a new hearing before a new IJ for over four months after the transfer. The first factor therefore weighs heavily in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since January 2025 without a full bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given the seriousness of her underlying conviction.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where she has been detained for over nineteen months, her appeal

to the BIA was recently filed and is still pending, and the length of her future detention is unknown where further judicial review is available and the removal order is not yet final. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**B. Immigration Judge's Bond Hearing and Exhaustion**

In support of their motion to dismiss, respondents initially argued that petitioner may not have abandoned her appeal of the IJ's bond decision to the BIA. (ECF No. 8 at 5-7) However, respondents later filed a supplement acknowledging petitioner's timely appeal brief. (ECF No. 9) Petitioner confirmed that the BIA issued a decision on July 9, 2026 affirming, without opinion, the IJ's decision. (ECF No. 10 at 11). Accordingly, respondents argument that petitioner failed to exhaust administrative remedies is unsupported and the motion to dismiss will be denied.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondents' motion to dismiss (ECF No. 8) is DENIED.
2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.
3. Respondents are ordered to provide petitioner with a bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.

///

///

///

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

Dated: September 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/pola4910.1226cprolonged.2241.imm/10